# Mendenhall *v.* Philadelphia, Wilmington and Baltimore Railroad Company, Appellant.

202      427
e210     101

*Negligence—Railroads—Stop, look and listen—Fright of horse—Escape of steam.*

In an action against a railroad company to recover damages for personal injuries sustained at a grade crossing, a verdict and judgment for plaintiff will be sustained, although the plaintiff went upon the track in the face of manifest danger, where his own evidence tends to show that after he had crossed, his horse became frightened by the escape of steam and backed into danger again, that the steam complained of was not the usual steam from a locomotive but from a heating apparatus for passenger cars situated at or near the crossing, and that this steam hung about the point of escape to a greater degree than usual on account of the damp and foggy character of the day.

Argued Feb. 11, 1902. Appeal, No. 371, Jan. T., 1901, by defendant, from judgment of C. P. Chester Co., Aug. T., 1901, No. 3, on verdict for plaintiff in case of Joseph Mendenhall v. Philadelphia, Wilmington & Baltimore Railroad Company. Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HEMPHILL, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $9,587.50. Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for plaintiff.

*John J. Pinkerton*, for appellant, cited on the question of contributory negligence: Urias v. Penna. R. R. Co., 152 Pa. 326; Hess v. Williamsport, etc., R. R. Co., 181 Pa. 492; Gangawer v. P. & R. R. R. Co., 168 Pa. 265; Newhard v. Penna. R. R. Co., 153 Pa. 417; Hughes v. D. & H. Canal Co., 176 Pa. 254; North Penna. R. R. Co. v. Heileman, 49 Pa. 60; Marland v. Pittsburg, etc., R. R. Co., 123 Pa. 487; Penna. R. R. Co. v. Aiken, 130 Pa. 380.

*R. T. Cornwell*, *John J. Gheen* and *Gibbons Gray Cornwell*, for appellee, were not heard.

OPINION BY MR. JUSTICE MITCHELL, May 5, 1902:

Appellant complains that this was a perfectly clear case of contributory negligence on the part of the plaintiff which should not have been submitted to the jury. And this would be undeniable on appellant's view of the facts, and its evidence in support of them. According to this the plaintiff if he stopped to look and listen at all did so on his own admission at a point where the coming train must have been in plain sight, and then attempted to cross in the face of manifest danger. If this were the whole case the court would have been bound to declare plaintiff negligent as a matter of law, and to direct a verdict for defendant. But the case on plaintiff's evidence was wholly different. He testified that he had crossed the tracks but that his horse was frightened by the escape of steam and backed into danger again. In this view, however negligent he may have been in crossing in front of a moving train, he had in fact crossed safely and his negligence not having contributed to his injury, was immaterial. The accident according to him resulted from a new and wholly unconnected source of danger, the escaping steam. These two accounts of the occurrence were radically different and involved different rules of law. As there was positive evidence in support of each even if plaintiff's own testimony was ambiguous or inconsistent, it was nevertheless part of the whole case which necessarily was for the jury. The steam complained of was not the usual and un-

avoidable escape from a locomotive, but from a heating apparatus for passenger cars situated at or near the crossing. The morning was damp and foggy and there was testimony that the steam hung about the point of escape to a greater degree than was usual. Whether it was negligently done or not was therefore for the jury, and the rules of law as to what would be negligence on the part of defendant, and also of plaintiff if he drove into manifest danger were very fully and accurately stated to the jury in the charge. If the verdict was against the weight of the evidence, the remedy was with the trial court.

Judgment affirmed.