## Ihrig, Appellant, *v.* Erie Railroad Company.

*Negligence—Railroads—"Stop, look and listen"—Contributory negligence.*

The rule that a person must stop, look and listen before going upon tracks of a railroad, is not a rule of evidence, but a rule of law peremptory, absolute and unbending.

Plaintiff while riding in a one-horse buggy with the side curtains down, without stopping and looking for the approach of a train, drove at a slow trot on the tracks of a railroad in a city as the safety gates were coming down. These gates were twenty-five feet apart. The first struck the top of the buggy and the second was fully down when the horse reached it. The buggy was struck by a shifting engine on the second track almost immediately after the horse stopped. The time between the stopping of the horse and the collision was estimated by the plaintiff as a second or a second and a half; by one of the witnesses as a quarter of a minute, and by another witness the collision was said to have occurred immediately after the stopping. Seventy-four feet from the crossing the plaintiff was passed by a mail carrier in an open cutter. When this man was at the edge of the tracks and thirty or forty feet in advance of the plaintiff, the flagman gave a signal to come on. He went on and crossed in safety. The plaintiff was unable to say that the signal had been intended for him and only that it was given in his direction. At any point within twenty feet of the tracks the plaintiff had a clear view of them for 700 feet in the direction from which the engine came. The gates were being lowered as he drove on the crossing but he did not observe them until the horse was on the first track. *Held,* that the plaintiff was guilty of contributory negligence inasmuch as he did not stop, look and listen and that a nonsuit was properly entered.

Argued Oct. 13, 1904. Appeal, No. 149, Oct. T., 1904, by plaintiff, from order of C. P. Venango Co., Jan. T., 1904, No. 1, refusing to take off nonsuit, in case of George W. Ihrig v. Erie Railroad Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRISWELL, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Robert F. Glenn*, with him *Peter M. Speer*, for appellant.— Plaintiff contends that he was not guilty of contributory negligence, under all the circumstances, in that he did not stop when he looked and listened as he approached the crossing, and thereby ignored the direction of the watchman : Fisher v. Ry. Co., 131 Pa. 292 ; Fennell v. Harris, 184 Pa. 578 ; Ayers v. Ry. Co., 201 Pa. 124 ; Mendenhall v. R. R. Co., 202 Pa. 427 ; Custer v. R. R. Co., 206 Pa. 529.

The plaintiff contends that his failing to stop when he looked and listened, even if held to be negligent, did not contribute to his injury : Mendenhall v. R. R. Co., 202 Pa. 427 ; Custer v. R. R. Co., 206 Pa. 529.

*Wm. H. Forbes*, with him *J. S. Carmichael*, for appellee.— The failure to stop before crossing a railroad track is negligence per se, and this is for the court, the rule is unbending : Penna. R. R. Co. v. Beale, 73 Pa. 504 ; North Penna. R. R. Co. v. Heileman, 49 Pa. 60 ; Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600 ; Aiken v. R. R. Co., 130 Pa. 380 ; Blight v. R. R. Co., 143 Pa. 10 ; Myers v. R. R. Co., 150 Pa. 386 ; Lynch v. Erie City, 151 Pa. 380 ; Smith v. R. R. Co., 160 Pa. 117 ; Seifred v. R. R. Co., 206 Pa. 399 ; Custer v. R. R. Co., 206 Pa. 529 ; Fleschut v. Lehigh Valley R. R. Co., 206 Pa. 348 ; Carroll v. Railroad Co., 12 W. N. C. 348 ; Moore v. Railroad Co., 108 Pa. 349 ; Penna. R. R. Co. v. Bell, 122 Pa. 58 ; Merland v. Railroad Co., 123 Pa. 487.

OPINION BY MR. JUSTICE FELL, December 31, 1904 :

The plaintiff, riding in a one-horse buggy with the side curtains down, without stopping and looking for the approach of a train, drove at a slow trot on the tracks of the defendant company in the city of Franklin as the safety gates were coming down. These gates were twenty-five feet apart. The first struck the top of the buggy and the second was fully down when his horse reached it. The buggy was struck by a shifting engine on the second track almost immediately after the horse stopped. The time between the stopping of the horse and the collision was estimated by the plaintiff as a

second or a second and a half; by one of the witnesses as a quarter of a minute, and by another witness the collision was said to have occurred immediately after the stopping. Seventy-four feet from the crossing the plaintiff was passed by a mail carrier in an open cutter. When this man was at the edge of the tracks and thirty or forty feet in advance of the plaintiff, the flagman gave a signal to come on. He went on and crossed in safety. The plaintiff was unable to say that the signal had been intended for him and only that it was given in his direction. At any point within twenty feet of the tracks the plaintiff had a clear view of them for 700 feet in the direction from which the engine came. The gates were being lowered as he drove on the crossing but he did not observe them until the horse was on the first track.

The appellant's first contention is that the circumstances of the case relieve him from the charge of contributory negligence; his second, that his failing to stop did not contribute to his injury because he could have escaped the danger in which he was placed if the flagman had not lowered the gates. In support of the first it is argued that the rule that a traveler before crossing the tracks of a steam railroad must stop, look and listen for the approach of a train is not a fixed rule to be observed under all circumstance but only a reasonable requirement, the nonobservance of which, while prima facie evidence of negligence, may be explained and excused. That this proposition cannot be sustained under the decisions is clear. There is no break nor wavering in the line of cases extending back nearly forty years, which hold that the rule is inflexible and admits of no exceptions and that a failure to observe it is not merely evidence of negligence but is negligence per se. There has been no clearer statement of the rule than that made by the present Chief Justice in Aiken v. Penna. Railroad Co., 130 Pa. 380 : " It is not a rule of evidence but a rule of law, peremptory, absolute and unbending; and the jury can never be permitted to ignore it, to evade it, or to pare it away by distinctions and exceptions. That the failure to stop is not merely evidence of negligence but negligence per se, has been said so often, from North Penna. Railroad Co. v. Heileman, 49 Pa. 60, to Greenwood v. Phila., etc., Railroad Co., 124 Pa. 572, that to cite the cases would be wearisome."

In Greenwood v. Railroad Co., 124 Pa. 572, and Lake Shore, etc., Railway Co. v. Frantz, 127 Pa. 297, it was said that the neglect of the company did not relieve the plaintiff from the performance of his duty, and the rule was applied where reliance had been placed on the fact that the safety gates at a crossing were up. In Fennell v. Harris, 184 Pa. 578, and Ayers v. Pittsburg, etc., Railway Co., 201 Pa. 124 and other cases, in which the action of a watchman at a crossing in a measure excused what would otherwise have been negligence on the part of the plaintiff, the duty to stop, look and listen had been fully performed. In Mendenhall v. Phila., etc., Railroad Co., 202 Pa. 427 the plaintiff had safely crossed the tracks and the accident was caused by a new and unexpected danger not connected with the running of the trains. His negligence not having contributed to the accident was said to be immaterial.

The second ground is equally untenable. The direct and immediate cause of the plaintiff's injury was his reckless disregard of a rule of common prudence and of law. From the first danger he never escaped and there was no intervening cause disconnected with it. Nor can it be said that he was lured into a position of peril and kept there by the gates. He got into danger through his negligence in assuming that the way was safe for him because a signal had been given when another driver was at the edge of the tracks, thirty or forty feet in advance. That he was shut in was not the fault of the flagman, who had no knowledge of his attempt to cross, but the inevitable result of his driving under the descending gates.

The judgment is affirmed.